IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3139-FL

| KEVIN GIOGLIO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| DEVON FAULKNER, DANIEL BRAME, and DONALD MOBLEY, | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE 3) and motion to compel discovery (DE 12). The issues raised are ripe for adjudication.

The court begins with its frivolity review of plaintiff's action. The court ALLOWS plaintiff to proceed with this action against defendants.

The court now turns to plaintiff's motion to compel discovery. Defendants have not yet been served with the summons and complaint in this action, and likewise have not been served with plaintiff's discovery requests. Accordingly, any discovery request at this point in the proceedings is premature. Thus, plaintiff's motion is DENIED as premature.

The court finally turns to plaintiff's motion to appoint counsel. Plaintiff requests counsel to assist him with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in

exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding pro se. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

In summary, plaintiff is ALLOWED to proceed with his action. The Clerk of Court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases. Plaintiff's motion to appoint counsel (DE 3) is DENIED and plaintiff's motion to compel (DE 12) is DENIED as premature.

SO ORDERED, this the 9th day of December, 2014.

LOUISE W. FLANAGAN
United States District Judge